**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------

GEORGII TSOI

      Plaintiff,

v.

POLINA PUSHKAREVA

      Defendant-Counterclaimant

------------------------------------------------------------

Case No.: 1:22-cv-05592 (PGG-GWG)

## **DEFENDANT'S ANSWER WITH COUNTERCLAIMS**

Defendant-Counterclaimant Polina Pushkareva (hereinafter "Defendant" or "Pushkareva") by and through the undersigned counsel, hereby answers and asserts affirmative defenses and counterclaims to the Complaint filed by Plaintiff, Georgii Tsoi (hereinafter "Plaintiff" or "Tsoi").

1. Admit.

2. Denied except admit that Plaintiff performed tasks for Defendant during part of the alleged period.

3. Admit.

4. Admit.

5. The allegations call for legal conclusions for which no response is required. To the extent a response is required, Denied.

6. Admit.

7. The allegations call for legal conclusions for which no response is required. To the extent a response is required, denied except admit that Defendant resides and transacts business in New York.

8. The allegations call for legal conclusions for which no response is required. To the extent a response is required, denied except admit Plaintiff and Defendant reside in the District.

9. Omitted by Plaintiff.

10. Omitted by Plaintiff.

11. Denied except admit that on or about December, 2020 Plaintiff was interviewed and on or about February 3, 2021, plaintiff was engaged to perform tasks for Defendant.

12. The allegations call for legal conclusions for which no response is required. To the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegations contained within the paragraph; therefore, denied.

13. Denied.

14. Denied except admit that Plaintiff received $3000 or more during each of those months.

15. Denied except admit that Plaintiff did not withdraw payments for this period by his own choosing.

16. Denied.

17. Denied.

18. The allegations call for legal conclusions for which no response is required.

19. Denied.

20. Denied except admit that Plaintiff would withdraw his payments from Defendant's bank account.

21. Denied except admit that taxes were not withheld, and he was not provided the alleged documents.

22. Denied except admit Plaintiff's tasks included the alleged tasks.

23. The allegations call for legal conclusions for which no response is required. To the extent a response is required, denied except admit he was not a residential employee.

24. Admit.

25. Admit.

26. Denied except admit that Defendant saw a property she was interested in online and tasked Plaintiff to assist with the paperwork.

27. Denied except admit that Plaintiff assisted Defendant with the paperwork and later sent a security deposit.

28. Denied.

29. Denied.

30. Denied except admit that Plaintiff told Defendant that the seller would not return the security deposit, after having misled her that the deposit was refundable.

31. Admit.

32. Defendant is without sufficient knowledge to admit or deny the allegations contained within the paragraph; therefore, denied.

33. Defendant is without sufficient knowledge to admit or deny the allegations contained within the paragraph; therefore, denied.

34. Denied.

35. Denied.

36. Denied.

37. Admit.

38. Denied.

39. Admit.

40. Denied.

41. Denied.

42. Denied.

43. Denied except admit that Plaintiff did not withdraw payments for this period by his own choosing.

44. Denied.

45. Denied.

46. Denied.

47. Defendant is without sufficient knowledge to admit or deny the allegations contained within the paragraph; therefore, denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied except admit that Plaintiff did not withdraw payments for this period by his own choosing.

52. The allegations call for legal conclusions for which no response is required.

53. Denied.

54. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

55. The allegations call for legal conclusions for which no response is required.

56. Denied.

57. Denied.

58. Denied.

59. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

60. The allegations call for legal conclusions for which no response is required.

61. Denied.

62. Admit.

63. Denied.

64. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

65. The allegations call for legal conclusions for which no response is required.

66. The allegations call for legal conclusions for which no response is required.

67. The allegations call for legal conclusions for which no response is required.

68. The allegations call for legal conclusions for which no response is required.

69. The allegations call for legal conclusions for which no response is required.

70. Denied.

71. Denied.

72. Denied.

73. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

74. The allegations call for legal conclusions for which no response is required.

75. Denied.

76. Denied.

77. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

78. Denied.

79. Denied except admit Plaintiff was paid $3000 or more during each of those months.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

85. Denied.

86. Denied.

87. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

88. Admit.

89. Admit.

90. Denied.

91. Denied.

92. Denied.

93. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

101. Denied except admit that Plaintiff did not withdraw payments for this period by his own choosing.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Defendant realleges and restates its responses to all paragraphs incorporated by Plaintiff.

108. Denied.

109. Denied.

### First Affirmative Defense

110. Lack of subject matter jurisdiction.

### Second Affirmative Defense

111. Doctrine of Payment.

### Third Affirmative Defense

112. Doctrines of Setoff and unclean hands.

### Fourth Affirmative Defense

113. Doctrines of condition precedent, acquiescence, and waiver.

### Fifth Affirmative Defense

114. Doctrine of documentary evidence.

### First Counterclaim – Forged Signature/Declaratory Judgment

115. In the Spring and Summer of 2021, Defendant was exploring purchasing real property in California.

116. On or about July 3, 2021, Plaintiff signed Defendant's name to a document entitled "California Residential purchase agreement and joint escrow instructions." ("The Purchase Contract")

117.    The Purchase Contract pertained to property addressed at 14431 Glorietta Dr., Sherman Oaks, CA 91423. ("The California Property")

118.    On or about July 3, 2021, Plaintiff delivered the signed Purchase Contract to Seller and/or Seller's agent interstate in California.

119.    Plaintiff intended for Seller and Seller's agents to believe the Purchase Contract was signed by Defendant.

120.    Defendant did not sign the Purchase Contract.

121.    Plaintiff signed Defendant's name to the Purchase Contract.

122.    Defendant did not grant Plaintiff a power of attorney to sign the Purchase Contract.

123.    Plaintiff signed Defendant's name to the Purchase Contract without any written authorization from Defendant.

124.    Plaintiff admitted to Defendant that he signed Defendant's name to the Purchase Contract.

125.    Plaintiff admitted to Defendant that he signed Defendant's name to the Purchase Contract without authorization from Defendant.

126.    Plaintiff admitted to Defendant that he signed Defendant's name to the Purchase Contract because Plaintiff felt like it and he wanted to sign it.

127.    Plaintiff forged Defendant's signature on the Purchase Contract.

128.    Upon information and belief, plaintiff forged Defendant's signature on the Purchase Contract because he wanted her to buy the property so that Plaintiff may have use of it.

129. As a direct result of Plaintiff's forgery, Defendant was harmed and suffered financial losses including but not limited to a partial loss of the down payment in the amount of $34,500 and attorneys' fees.

130. Accordingly, Defendant seeks judgment against Plaintiff awarding declaratory judgment with regard to the forged signature on the contract, compensatory damages in an amount to be determined by the Court, punitive damages, attorneys' fees, costs and disbursements.

### Second Counterclaim – Negligent Misrepresentation

131. Defendant repeats and realleges the allegations the preceding paragraphs as if fully set forth herein.

132. On or about July 3, 2021, Plaintiff informed Defendant that Defendant must wire the down payment for the property in the Purchase Contract and had no other choice. ("Statement 1")

133. On or about July 3, 2021, Plaintiff informed Defendant that the down payment for the property in the Purchase Contract was fully refundable. ("Statement 2")

134. Statement 1 was false.

135. Statement 2 was false.

136. Plaintiff knew that Statement 1 was false.

137. Plaintiff knew that Statement 2 was false.

138. Plaintiff had no reason to believe that Statement 1 was true.

139. Plaintiff had no reason to believe that Statement 2 was true.

140. Plaintiff knew that Statement 1 was being made for a particular purpose relating to a contemplated real estate transaction and alternatives surrounding same.

141. Plaintiff knew that Statement 2 was being made for a particular purpose relating to a contemplated real estate transaction and alternatives surrounding same.

142. Plaintiff knew that Defendant was relying on the accuracy of Statement 1.

143. Plaintiff knew that Defendant was relying on the accuracy of Statement 2.

144. Plaintiff failed to take reasonable care to make sure Statement 1 was accurate.

145. Plaintiff failed to take reasonable care to make sure Statement 2 was accurate.

146. Based upon Statements 1 and 2 having been made by Plaintiff to Defendant, Defendant wired the down payment.

147. After the down payment was already paid by Defendant, Plaintiff acknowledged to Defendant that Statement 1 was false.

148. After the down payment was already paid by Defendant, Plaintiff acknowledged to Defendant that Statement 2 was false.

149. Plaintiff was tasked and entrusted by Defendant to assist Plaintiff with the paperwork and fact gathering for a real estate transaction she was considering concerning the California Property.

150. Plaintiff was further tasked and entrusted by Defendant by having access to her bank account(s).

151. Defendant entrusted plaintiff in connection with said potential real estate transaction involving the California Property and reasonably relied on Plaintiff in connection therewith.

152. Plaintiff was in a special position of confidence and trust as it related to Defendant and the California Property such that Defendant's reliance on Plaintiff's statements was justified.

153.   Defendant reasonably relied on Statements 1 and 2.

154.   By virtue of the special relationship between the parties, Plaintiff owed a duty to Defendant to provide correct information.

155.   Defendant would never have wired the down payment had Plaintiff not made Statement 1.

156.   Defendant would never have wired the down payments had Plaintiff not made Statement 2.

157.   Plaintiff admitted that he misled Defendant by making Statement 1 and Statement 2.

158.   As a direct result of Plaintiff's misrepresentations, Defendant suffered financial losses including but not limited to a partial loss of the down payment in the amount of $34,500 and attorneys' fees.

159.   Accordingly, Defendant seeks judgment against Plaintiff awarding compensatory damages in an amount to be determined by the Court, punitive damages, attorneys' fees, costs and disbursements.

### Third Counterclaim – Breach of Fiduciary Duty

159.   Defendant repeats and realleges the allegations the preceding paragraphs as if fully set forth herein.

160.   During the period of time of Plaintiff's relationship with Defendant, there was a fiduciary relationship between Plaintiff and Defendant.

161    During the period of time of Plaintiff's relationship with Defendant, Plaintiff owed a fiduciary duty to Defendant.

162. During the period of time of Plaintiff's relationship with Defendant, Plaintiff was Defendant's agent.

163. With regard to the contemplated real estate transaction for the California property, Plaintiff was Defendant's agent.

164. With regard to the contemplated real estate transaction for the California property, Plaintiff has a duty to act for the benefit of Defendant.

165. Plaintiff breached his fiduciary duty to Defendant by forging Defendant's signature on the Purchase Contract.

166. Plaintiff breached his fiduciary duty to Defendant by making Statement 1.

167. Plaintiff breached his fiduciary duty by making statement 2.

168. Plaintiff breached that fiduciary duty by disappearing with Defendant's bank and credit card creating a serious security risk for Defendant.

169. As a direct result of Plaintiff's various breaches of his fiduciary duty to Defendant, Defendant suffered financial losses including but not limited to a partial loss of the down payment in the amount of $34,500 and attorneys' fees.

170. Accordingly, Defendant seeks judgment against Plaintiff awarding compensatory damages in an amount to be determined by the Court, punitive damages, attorneys' fees, costs and disbursements.

## **Fourth Counterclaim – Unjust Enrichment**

171. Defendant repeats and realleges the allegations the preceding paragraphs as if fully set forth herein.

172. During the period of time alleged in the complaint, Plaintiff used Defendant's residence and luxury personal items to promote his own independent and competing business as an influencer and to seek to sell online courses to followers in Russia and elsewhere.

173. By way of example, Plaintiff filmed and published online videos of himself at Defendant's home wearing her luxury clothes, bags and other personal items.

174. Plaintiff used, converted and monetized Defendant's private residence and luxury personal items for his own competing business without consent from Defendant.

175. Plaintiff used Defendant's residence and luxury items to hold himself out as a successful and wealthy individual on social media in order to build himself up as an influencer.

176. Plaintiff used, published and misappropriated Defendant's real property, personal property, persona and lifestyle as his own.

177. Plaintiff deceptively misappropriated the fruits of Defendant's labor as an influencer to build and market his own separate and competing business, taking advantage of the trust and access Defendant had in plaintiff.

178. Upon information and belief, Plaintiff was not allowed to pursue any commercial business targeting a Russian audience given his political status in Russia and in the United States.

179. As a result of the aforementioned conduct, Plaintiff confused the public and social media followers.

180. As a result of the aforementioned conduct, Plaintiff harmed Defendant's professional reputation and business.

181. As a result of the aforementioned conduct, Plaintiff was unjustly enriched at Defendant's expense.

182. Accordingly, Defendant seeks judgment against Plaintiff awarding compensatory damages in an amount to be determined by the Court, punitive damages, attorneys' fees, costs and disbursements.

## **JURY DEMAND**

183. Defendant-Counterclaimant hereby demands a trial by jury on any and all issues triable of right by a jury pursuant to Fed. R. Civ. P. 38.

WHEREFORE, Defendant respectfully requests that this Honorable Court enter an order (i) denying and dismissing Plaintiff's claims for relief and all claims which could have been asserted, awarding attorneys' fees, and costs defending against Plaintiff's claims, and granting such other and further relief as this Court deems just and proper; and (ii) Granting judgment on each of the counterclaims against Plaintiff awarding compensatory damages in an amount to be determined by the Court, punitive damages, attorneys fees, costs and disbursements.

Dated:   August  9, 2022

                                                            Respectfully submitted

                                                            _____/s/_____
                                                            Daniel S. Kokhba (DK-5501)
                                                            340 Cabrini Blvd. Suite 501
                                                           New York, New York 10040
                                                           Tel. 917-348-5720
                                                           E-mail dk@kokhbalaw.com
                                                           Attorneys for Defendant-
                                                          Counterclaimant.