UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGII TSOI,

      Plaintiff,

 -against-

POLINA PUSHKAREVA

      Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIMS**

Case No.: 1:22-cv-05592

Plaintiff, GEORGII TSOI (hereinafter "Plaintiff") by and through their attorneys, SMITH HOKE, PLLC, hereby replies to the allegations in Defendant POLINA PUSHKAREVA'S (hereinafter "Defendant") Answer with Counterclaims (hereinafter "Answer"), dated August 9, 2022 as follows:

1. Admits the allegations contained in paragraph 115 of the Answer.

2. Denies the allegations in paragraph 116 of the Answer.

3. Plaintiff denies knowledge and information sufficient to form a belief as to paragraph 117 of the Answer.

4. Denies the allegations contained in paragraph 118 of the Answer.

5. Denies the allegations contained in paragraph 119 of the Answer.

6. Plaintiff denies knowledge and information sufficient to form a belief as to paragraph 120 of the Answer.

7. Denies the allegations contained in paragraph 121 of the Answer.

8. Defendant denies knowledge and information sufficient to form a belief as to paragraph 122 of the Answer.

9. Denies the allegations contained in paragraph 123 of the Answer.

10. Denies the allegations contained in paragraph 124 of the Answer.

11. Denies the allegations contained in paragraph 125 of the Answer.

12. Denies the allegations contained in paragraph 126 of the Answer.

13. Denies the allegations contained in paragraph 127 of the Answer.

14. Denies the allegations contained in paragraph 128 of the Answer.

15. Denies the allegations contained in paragraph 129 of the Answer.

16. Paragraph 130 of the Answer does not contain affirmative allegations, but to the extent that said paragraph could be construed to contain affirmative allegations, the same are denied.

17. Paragraph 131 of the Answer does not contain affirmative allegations, but to the extent that said paragraph could be construed to contain affirmative allegations, the same are denied.

18. Denies the allegations contained in paragraph 132 of the Answer.

19. Denies the allegations contained in paragraph 133 of the Answer.

20. Denies that Plaintiff made such statement, as claimed in paragraph 134 of the Answer, and therefore denies any allegations regarding the veracity of such statement.

21. Denies that Plaintiff made such statement, as claimed in paragraph 135 of the Answer, and therefore denies any allegations regarding the veracity of such statement.

22. Denies that Plaintiff made such statement, as claimed in paragraph 136 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Plaintiff's state of mind in making such statements.

23. Denies that Plaintiff made such statement, as claimed in paragraph 137 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Plaintiff's state of mind in making such statements.

24. Denies that Plaintiff made such statement, as claimed in paragraph 138 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Plaintiff's state of mind in making such statements.

25. Denies that Plaintiff made such statement, as claimed in paragraph 139 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Plaintiff's state of mind in making such statements.

26. Denies that Plaintiff made such statement, as claimed in paragraph 140 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Plaintiff's state of mind in making such statements.

27. Denies that Plaintiff made such statement, as claimed in paragraph 141 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Plaintiff's state of mind in making such statements.

28. Denies that Plaintiff made such statement, as claimed in paragraph 142 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Defendant's or Plaintiff's state of mind in regard to these statements.

29. Denies that Plaintiff made such statement, as claimed in paragraph 143 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Defendant's or Plaintiff's state of mind in regard to these statements.

30. Denies that Plaintiff made such statement, as claimed in 144 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Plaintiff's level of reasonable care in making such statement.

31. Denies that Plaintiff made such statement, as claimed in 145 of the Answer, and therefore denies any allegations regarding the veracity of such statement, and denies any allegations regarding Plaintiff's level of reasonable care in making such statement.

32. Denies that Plaintiff made such statements, as claimed in 146 of the Answer, and denies sufficient information to form a belief as to whether Defendant wired the down payment.

33. Denies the allegations contained in paragraph 147 of the Answer.

34. Denies the allegations contained in paragraph 148 of the Answer.

35. Objection, due to confusing allegations in paragraph 149 of the Answer. Admits that the Plaintiff assisted Defendant in paperwork and fact gathering for a real estate transaction.

36. Denies having unrestricted access to bank accounts, as implied in paragraph 150 of the Answer, but admits that Defendant would ask Plaintiff to pay certain bills and expenses for her.

37. Defendant denies knowledge and information sufficient to form a belief as to paragraph 151 of the Answer.

38. Denies the allegations contained in paragraph 152 of the Answer.

39. Denies that the statements referenced in paragraph 153 were made, and therefore denies the allegations contained in paragraph 153 of the Answer.

40. Denies the allegations contained in paragraph 154 of the Answer.

41. Denies the statement referenced in paragraph 155 was made, and therefore denies the allegations contained in paragraph 155 of the Answer.

42. Denies the statement referenced in paragraph 156 was made, and therefore denies the allegations contained in paragraph 156 of the Answer.

43. Denies the allegations contained in paragraph 157 of the Answer.

44. Denies the allegations contained in paragraph 158 of the Answer.

45. Paragraph 159 of the Answer does not contain affirmative allegations, but to the extent that said paragraph could be construed to contain affirmative allegations, the same are denied.

46. Paragraph 159 (stet) of the Answer does not contain affirmative allegations, but to the extent that said paragraph could be construed to contain affirmative allegations, the same are denied.

47. Denies the allegations contained in paragraph 160 of the Answer.

48. Denies the allegations contained in paragraph 161 of the Answer.

49. Denies the allegations contained in paragraph 162 of the Answer.

50. Denies the allegations contained in paragraph 163 of the Answer.

51. Denies the allegations contained in paragraph 164 of the Answer.

52. Denies the allegations contained in paragraph 165 of the Answer.

53. Denies the allegations contained in paragraph 166 of the Answer.

54. Denies the allegations contained in paragraph 167 of the Answer.

55. Denies the allegations contained in paragraph 168 of the Answer.

56. Denies the allegations contained in paragraph 169 of the Answer.

57. Paragraph 170 of the Answer does not contain affirmative allegations, but to the extent that said paragraph could be construed to contain affirmative allegations, the same are denied.

58. Paragraph 171 of the Answer does not contain affirmative allegations, but to the extent that said paragraph could be construed to contain affirmative allegations, the same are denied.

59. Denies the allegations contained in paragraph 172 of the Answer.

60. Denies the allegations contained in paragraph 173 of the Answer.

61. Denies the allegations contained in paragraph 174 of the Answer.

62. Denies the allegations contained in paragraph 175 of the Answer.

63. Denies the allegations contained in paragraph 176 of the Answer.

64. Denies the allegations contained in paragraph 177 of the Answer.

65. Denies the allegations contained in paragraph 178 of the Answer.

66. Denies the allegations contained in paragraph 179 of the Answer.

67. Denies the allegations contained in paragraph 180 of the Answer.

68. Denies the allegations contained in paragraph 181 of the Answer.

69. Paragraph 182 of the Answer does not contain affirmative allegations, but to the extent that said paragraph could be construed to contain affirmative allegations, the same are denied.

70. Paragraph 183 of the Answer does not contain affirmative allegations, but to the extent that said paragraph could be construed to contain affirmative allegations, the same are denied.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

71. Defendant's Counterclaim is barred in whole or in part, as it fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

72. Defendant's counterclaims are barred by the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

73. Granting Defendant's counterclaim would result in Defendant receiving money that she is not entitled to, and would unjustly enrich Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

74. Defendant failed to mitigate or otherwise act to lesson or reduce the injury and damage, if any, allegedly resulting from the actions alleged in the counterclaims.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75. Defendant acted in bad faith.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76. Defendant's counterclaims are barred by the doctrines of waiver, estoppel, and ratification.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

77. Defendant's counterclaims are barred by the doctrine of laches.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

78. Defendant's counterclaims are barred because there is a lack of a fiduciary relationship.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

79. Defendant's damages, if any, are the result of Defendant's own breach of certain agreements.

### JURY DEMAND

80. Plaintiff hereby demands a trial by jury on any and all issues triable of right by a jury pursuant to Federal Rule of Civil Procedure 38.

**WHEREFORE** Plaintiff demands judgment dismissing the Defendant's Counterclaims and against the Defendant on the causes of action arising under Federal law and New York State law pursuant to the remedies provided within, along with liquidated damages, attorney's fees, punitive damages, costs and disbursements of this action and such other, further and different relief as to the Court seems just and proper.

Dated: August 26, 2022

> **SMITH HOKE, PLLC**
>
> */s/ Meredith A. Moriarty*
> Meredith A. Moriarty Esq.,
> Attorney for the Plaintiff
> 16 Wade Road
> Latham, New York 12110
> Telephone: (518) 489-5600
> Facsimile: (518) 641-1286
> Email: *mmoriarty@smithhoke.com*